IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

LUIS GONZALEZ MORENO,

    Defendant.

CRIMINAL NO. 07-333(JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: RULE 11(c)(1)(C) GUILTY PLEA HEARING

### I.   Procedural Background

On August 14, 2007, defendant Luis González Moreno was charged in a one-count information. He agrees to plead guilty to that Count.

Count One charges that Mr. González, from on or about August 7, 2006 to on or about November 28, 2006, together with diverse other persons, did knowingly, intentionally and unlawfully conspire to possess with intent to distribute, and did distribute, less than 50 kilograms of marijuana, inside or within 1000 feet of real property comprising a housing facility owned by a public housing authority, that is, the Enrique Zorrilla Public Housing Project, Manatí, Puerto Rico, in violation of Title 21, United States Code, Sections 841(a)(1) and (D), 846, and 860.

Defendant appeared before me, assisted by the court interpreter, on August 14 and 22, 2007, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

USA v. Luis González-Moreno                                                                         Page 2
Cr. 07-333 (JAG)
Report and Recommendation Guilty Plea

## II.   Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1] Although the defendant does not read English, he confirmed that his attorney translated and explained the form before he signed it.  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

## III.  Waiver of Indictment

The defendant was specifically advised, the charge against him being a felony, that he had the right to have his case submitted to a federal grand jury, and, if the grand jury found probable cause of the commission of a crime, to be charged by the return of an indictment against him. Having been advised of this right, the defendant voluntarily waived his right to be charged by indictment and agreed to plead guilty to an information that was filed in open court on this same date.

## IV.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.     Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the information and fully discussed the charge with his counsel, and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.  After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. González was competent to plead and fully aware of the purpose of the hearing.

### B.     Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty.  In particular, defendant was advised that the maximum penalties for the charged offense under 21 U.S.C. §841 are a term of imprisonment of not more than five years, a fine of not more than $250,000.00), and a term of supervised release of not less than two years. However, defendant was further informed that since his is also charged under 21 U.S.C. §860, those maximum terms are doubled, and he faces a maximum prison term of ten years, a fine of up to $500,000, and a supervised release term of at least four years.  A Special Monetary Assessment of $100.00 will also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained the nature of supervised release and the consequences of revocation.  The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

USA v. Luis González-Moreno                                                                 Page 4
Cr. 07-333 (JAG)
Report and Recommendation Guilty Plea

C.      **Plea Agreement**

Mr. González was shown the document titled "Plea Agreement", which is part of the record, and identified his initials on each page and his signature on pages seven and ten. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.  Although the defendant does not read English, he confirmed that his attorney translated the Plea Agreement into the Spanish language.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and expressed his understanding, that the district judge can either accept the Plea Agreement, and impose the sentence recommended by the parties, or reject it, in which case the defendant will have the opportunity to withdraw his guilty plea and go to trial, or persist in his guilty plea, in which case the judge may then impose a sentence greater than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court.  As to Count One, the agreed upon Base Offense Level ("BOL") is seventeen pursuant to U.S.S.G. §4B1.1; no adjustment for acceptance of responsibility was agreed upon.  Based on these Guideline sentencing factors, the agreed Total Offense Level is seventeen with a guideline range of 51 to 63 months imprisonment, assuming a Criminal History Category of VI. The parties agree to recommend a sentence of 60 months. The government further agreed to move at sentencing for the dismissal of the superseding indictment against defendant in Criminal Case No. 06-341(JAG).  The defendant confirmed that these were the sentencing recommendations he agreed to with the government.

The defendant was specifically informed that the Court would decide whether or not to accept the Plea Agreement  after considering the applicable Sentencing Guidelines.  The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found

at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

**D.     Waiver of Constitutional Rights**

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him

of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess

a firearm.  The defendant confirmed that he understood these consequences of his guilty plea.

     **E.**     **Factual Basis for the Guilty Plea**

     Defendant was read in open court Count One of the information and provided an explanation

of the elements of the offense. The meaning of terms used in the information was explained.

     Upon questioning, the government presented to this magistrate judge and to defendant a

summary of the basis in fact for the offense charged in Count One and the evidence the government

had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond

a reasonable doubt.   The defendant was able to understand this explanation and agreed with the

government's submission as to the evidence which could have been presented at trial.

     **F.**     **Voluntariness**

     The defendant indicated that he was not being induced to plead guilty, but was entering such

a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or

offered him a thing of value in exchange for his plea.  He acknowledged that no one had made any

different or other promises in exchange for his guilty plea, other than the recommendations set forth

in the plea agreement.   Throughout the hearing the defendant was able to consult with his attorney.

**V.**     **Conclusion**

     The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, and entered a plea of guilty as to Count One of the information.

     After cautioning and examining the defendant under oath and in open court concerning each

of the subject matters mentioned in Rule 11, I find that the defendant, Luis González Moreno, is

competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum

statutory penalties, understands that the charge is supported by evidence and a basis in fact, has

admitted to the elements of the offense, and has done so in an intelligent and

voluntary manner with full knowledge of the consequences of his guilty plea.   Therefore, I

recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count

One of the information.

      This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

      **A sentencing hearing will be set by District Judge Jay García Gregory.**

      **IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 22nd day of August, 2007.


                           *S/Bruce J. McGiverin*
                           BRUCE J. McGIVERIN
                           United States Magistrate Judge